**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-22223-JB/DSW**

**ANNE ROSE DOREST,**

**Plaintiff,**

**v.**

**U.S. BANK TRUST NATIONAL ASSOCIATION, et al.,**

**Defendants.**
_______________________________/

**OMNIBUS REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS**

**THIS CAUSE** is before the Court on Ghidotti Berger LLP's Motion to Dismiss Plaintiff's Complaint with Prejudice filed by Defendant U.S. Bank Trust National Association, As Trustee, ("U.S. Bank") [ECF No. 31], Ghidotti Berger LLP's Motion to Dismiss Plaintiff's Complaint with Prejudice filed by Defendant Ghidotti Berger LLP ("Ghidotti Berger"), [ECF No. 32], Ghidotti Berger LLP's Motion to Dismiss Plaintiff's Complaint with Prejudice, filed by Defendant SN Servicing Corporation ("SN Servicing"), [ECF No. 33], Defendant Selene Fiance (sic) LP's ("Selene Finance") Motion to Dismiss Plaintiff's Complaint for Damages and Demand for Jury Trial with Prejudice and Incorporated Memorandum of Law in Support Thereof, filed by Defendant Selene Finance LP, [ECF No. 43], Defendant Lake Vue Villas Condominium Association, Inc.'s Motion to Dismiss, filed by Defendant Lake Vue Villas Condominium Association, Inc. ("Lake Vue Villas"), [ECF No. 49], Defendant RAS Associates Corp's ("RAS") Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, filed by RAS Associates Corp, [ECF No. 51], Defendant Rushmore Loan Management Services, LLC's and MTGLQ Investors' Motion to Dismiss, filed by Defendant Rushmore Loan Management Services

LLC ("Rushmore") and Defendant MTGLQ Investors, LP ("MTGLQ"), [ECF No. 56], and Defendant LOGS Legal Group LLP's ("LOGS") Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Incorporated Memorandum of Law, filed by LOGS Legal Group LLP, f/k/a Shapiro, Fishman & Gache, LLP, [ECF No. 58] (collectively, the "Motions").[1] Upon careful review of the Motions and Plaintiff Anne Rose Dorest's Responses, [ECF Nos. 36–39, 45, 52, 54], the undersigned respectfully recommends Defendants' Motions should be **GRANTED** for the reasons outlined below.

## I. BACKGROUND

On March 31, 2026, Plaintiff filed her Complaint in the above-captioned case, alleging that Defendants engaged in a pattern of "inconsistent representations, improper servicing transfers, and foreclosure prosecution" in connection with foreclosure proceedings involving Plaintiff's property. *See* [ECF No. 1 at 1–2]. Plaintiff asserted claims against Defendants for RESPA (12 U.S.C. § 2605) (Count I), FDCPA (15 U.S.C. § 1692) (Count II), Fraud/Misrepresentation (Count III), Civil Conspiracy (Count IV), Unjust Enrichment (Count V), FDUTPA (Count VI), and Abuse of Process (Count VII). *See generally id.*

Defendants now seek to have the Complaint dismissed on multiple grounds. Defendants Rushmore, MTGLQ, U.S. Bank, Ghidotti Berger, U.S. Bank, SN Servicing, Selene Finance, Lake Vue Villas, and LOGS argue that the Complaint should be dismissed because the claims fail to state a claim for relief. [ECF Nos. 31, 32, 33, 43, 49, 56, 58]. Ghidotti Berger further argues that Florida's litigation privilege bars all claims against it. [ECF No. 32]. Lake Vue Villas contends that the Complaint should be dismissed because the state court rendered final judgment on the issues

---

[1] The Honorable Jacqueline Becerra, United States District Judge, referred this case to the undersigned for a ruling on all pretrial non-dispositive matters and for a report and recommendation on all dispositive matters. [ECF No. 15].

prior to the filing of this action. [ECF No. 49]. RAS argues that it is a third-party foreclosure purchaser and that Plaintiff cannot obtain relief that impairs RAS's title. [ECF No. 51]. RAS also argues that the Court lacks jurisdiction to review or undo the state-court foreclosure judgment, certificate of title, or possession orders. *Id.* LOGS argues that Plaintiff's FDCPA claims must be dismissed for lack of Article III standing and that Plaintiff fails to allege facts with particularity under Federal Rule of Civil Procedure 9(b). [ECF No. 58]. Defendants Selene Finance, RAS, Rushmore, MTGLQ, and LOGS have moved to dismiss the complaint as a shotgun pleading. [ECF Nos. 43, 51, 56, 58].

## II. LEGAL STANDARD

As a pro se litigant, Plaintiff's pleadings "are held to a less stringent standard than pleadings drafted by an attorney and will, therefore, be liberally construed." *James v. Freedom Mortg. Corp.*, No. 23-CV-13039, 2024 WL 1509682, at *2 (11th Cir. Apr. 8, 2024) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). This leniency, however, does not give the Court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* (citations omitted).

"'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that are simply replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple

defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996).

## III. DISCUSSION

Plaintiff's Complaint falls within at least two definitions of a shotgun pleading. First, the Complaint asserts multiple claims against multiple defendants without specifying which defendant is responsible for which alleged conduct or which claim is asserted against which Defendant. *See Weiland*, 792 F.3d at 1322. Instead, Plaintiff refers broadly to "Defendants" in each count of her Complaint. The allegations asserted in Plaintiff's Complaint therefore fail to give Defendants fair notice of the claims asserted against them. *Id.* at 1323. Because Plaintiff's Complaint is a shotgun pleading, the Complaint should be dismissed without prejudice, and the Court "need not reach any of the merits issues." *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019).

Second, the Complaint is replete with conclusory facts not obviously connected with a cause of action and does not identify which facts support which cause of action. *See Weiland*, 792 F.3d at 1322. Here, the Court is unable to discern which paragraphs in the Complaint correspond to which cause of action. Further, Plaintiff alleges only one conclusory sentence in all but one count in the Complaint. In her RESPA count (Count I), which contained three sentences, Plaintiff alleged in a conclusory manner that she incorporated all prior paragraphs, that "Defendants failed to properly manage servicing transfers and account information," and that "Plaintiff suffered damages as a result." [ECF No. 1 ¶¶ 31–33].

The Amended Complaint also fails to meet the "short and plain" requirement of Rule 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions . . . a formulaic recitation of the cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint as drafted offers no grounds from which the Court could draw a reasonable inference that the Defendants are subject to liability.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend her complaint once as a matter of course within twenty-one days after serving it, or within twenty-one days after service of a motion under Rule 12(b). Otherwise, the plaintiff must seek leave of court to amend. *See* Fed. R. Civ. P. 15(a)(2). The Eleventh Circuit has specifically held that pro se litigants should be held to a less stringent standard with respect to their right to amend a complaint, even despite a failure to move for amendment. *See Lee v. Alachua County*, 461 F. App'x 859, 860 (11th Cir. 2012). Accordingly, the district court should grant Plaintiff an opportunity to amend her complaint to comply with Federal Rule of Civil Procedure 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

## IV. RECOMMENDATION

The undersigned hereby **RECOMMENDS** that [ECF No. 31], [ECF No. 32], [ECF No. 33], [ECF No. 43], [ECF No. 49], [ECF No, 51], [ECF No. 56], and [ECF No. 58] be **GRANTED** and that Plaintiff be granted leave to amend her Complaint.

## V. OBJECTIONS

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 25th day of August 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

Anne Rose Dorest, Pro Se
14266 NW 17th Avenue
Opa-Locka, FL 33054